**SUMMA CORPORATION, a California Corporation, Plaintiff and Appellant,**

v.

**LANCER INDUSTRIES, INC., an Illinois Corporation, and the General Partner of Synergetics, a Utah limited partnership, Defendant and Respondent.**

No. 14527.

Supreme Court of Utah.

Jan. 18, 1977.

Walter J. Plumb, III, of Hatch & Plumb, Salt Lake City, for plaintiff and appellant.

John L. McCoy, of Ryberg & McCoy, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Summa Corporation, A California corporation, challenges the dismissal, on the ground of forum non conveniens, of this action in which it sues Lancer Industries, an Illinois corporation, and Synergetics, a Utah limited partnership, of which Lancer is the general partner.

Defendant does not dispute that jurisdiction was obtained by personal service on W. A. Bailey, president of Lancer, who resides in Salt Lake City, where Lancer has a place of business. Defendant's motion to dismiss was based upon the facts, shown in the pleadings and affidavits filed by the respective parties, that neither the plaintiff, Summa, nor the defendant, Lancer, are Utah corporations; and that the latter owns no property and does no business in this state; that the contract in controversy, by which Synergetics engaged plaintiff Summa to prepare a feasibility study on a real estate project in Tampa, Florida, was prepared, signed and the work done in that state. Defendant further averred that to try the case here, it would require the testimony of nine witnesses from Florida; and plaintiff says it would require the testimony of five witnesses from California.

Not of critical importance on the question of the propriety of granting the motion to dismiss, but as background, the nature of the controversy is this: Plaintiff alleges that it properly discharged its duty under the contract by preparing the feasibility study on the optimum use of the designated lands. Defendant's refusal to pay is based on averments that the study was not properly done because it contained serious errors in not taking into account essential components, including the location and physical characteristics of the land and its relationship to other economic entities in the area.

The purpose of the doctrine of forum non conveniens is to provide protection against a plaintiff selecting a remote court where added time, trouble and expense would result in unreasonable inconvenience and hardship to the defendant, when the cause

could better be tried in a more convenient court.[1]

■ There is no provision in our statutes or our rules of procedure expressly authorizing the dismissal of an action on the basis of forum non conveniens.[2] However, as part of the inherent power that our district courts have, as courts of general jurisdiction,[3] they undoubtedly could refuse to exercise jurisdiction if convinced that it would place an unreasonable burden upon some or all of the parties, or upon the court, to try the case here.[4]

■ When a disagreement arises over the proper forum, among the factors proper to be considered are the location of the primary parties, where the fact situation creating the controversy arose, the ease of access to proof, including the availability and costs of obtaining witnesses; the enforceability of any judgment that may be obtained; and the burdens that may be imposed upon the court in question in litigating matters which may not be of local concern.[5] In determining whether such a motion should be granted, the court should analyze those factors in the light of the particular facts of each case and balance the considerations in favor of according the plaintiff the assurance of our constitution that "All courts shall be open, and every person . . . shall have remedy by due course of law, which shall be administered without denial or unnecessary delay . . . ,"[6] as compared to dismissing the action and thus circumventing the plaintiff's purpose, or leaving him seek justice elsewhere.

Notwithstanding our recognition of the validity of the doctrine of forum non conveniens in appropriate circumstances, it also should be borne in mind that there is significant difference between such a motion to dismiss and a motion to transfer the case to another court.[7] The latter procedure is provided for by Sec. 78–13–9(3), U.C.A.1953. It allows a change of venue to another court within the state, when due to convenience of the parties and witnesses, the ends of justice would better be served by the transfer. In such instance, the defendant's motion is at least offering the plaintiff the opportunity of a trial in another court. But, the granting of a motion to dismiss on the ground of forum non conveniens defeats the instant action entirely. It turns the plaintiff out of court, and leaves him without remedy except if he chooses to go to Florida, or some other state where the defendant does business, and go through the process of instituting another lawsuit.

■ For the reasons above stated, the general policy of the law is that when a plaintiff has commenced a lawsuit and acquired jurisdiction over the defendant, he should be allowed to pursue his remedy; and that such a motion to dismiss should be granted only with great caution and under compelling circumstances. That is, where it appears either that the plaintiff has selected an inconvenient forum for the purpose of harassing or annoying the defendant, or where upon an analysis of the factors hereinabove set out, they preponderate so strongly against trying the case here, and in favor of the greater convenience of trying it somewhere else, that to deny the motion would work a great hardship upon the defendant.[8]

1. *Mr. Steak v. Ken-Mar Steaks, Inc.,* 522 P.2d 1246 (Colo.App.1974).

2. See a good exposition on this subject by Justice Latimer in *Mooney v. Denver & R. G. W. R.R.,* 118 Utah 307, 221 P.2d 628 (1950), cited in 74 A.L.R.2d 34.

3. Utah Const., Art. VIII, Sec. 7.

4. *Price v. Atchison T & S. F. Ry.,* 42 Cal.2d 577, 268 P.2d 457 (1954).

5. *Gulf Oil v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Goodwine v. Superior Court,* 63 Cal.2d 481, 47 Cal.Rptr. 201, 407 P.2d 1 (1965).

6. Utah Const., Art. I, Sec. 11.

7. *Lansverk v. Studebaker-Packard Corp.,* 54 Wash.2d 124, 338 P.2d 747 (1959).

8. See cases footnotes 2 and 5 above.

The main justification for defendant's motion to dismiss appears to be the logistics of arranging for testimony, and/or depositions of witnesses from Florida and California. As opposed thereto, to be taken into account in connection with what should be the plaintiff's prerogative of selecting the court where it could and has obtained jurisdiction over the defendant, plaintiff makes the further cogent arguments that in this lawsuit, which involves only $16,000, it has already gone to considerable trouble and expense in engaging counsel, initiating and getting the action under way here; and that the dismissal would put it to the necessity of again going through this total process in another state, which would be an unreasonable burden upon it.

In applying the principles of law discussed herein to the facts shown, it is our judgment that this case should not have been dismissed, but that the parties should be permitted to go forward to a determination of the action on its merits. It is so ordered. Costs to plaintiff (appellant).

ELLETT, MAUGHAN and WILKINS, JJ., concur.

HENRIOD, C. J., concurs in result.