2014 UT App 287

# THE UTAH COURT OF APPEALS

DIVERSIFIED STRIPING SYSTEMS, INC.,
Plaintiff and Appellant,
*v.*
JOE KRAUS; FLJ, LLC; AND NATIONAL STRIPING,
Defendants and Appellees.

Memorandum Decision
No. 20130849-CA
Filed December 11, 2014

Third District Court, Salt Lake City Department
The Honorable Kate A. Toomey
No. 120901549

Jeremiah R. Taylor and Richard C. Terry, Attorneys
for Appellees

Timothy Miguel Willardson, Attorney
for Appellant

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES J. FREDERIC VOROS JR. and JOHN A. PEARCE
concurred.

DAVIS, Judge:

¶1 Diversified Striping Stystems, Inc. (Diversified) appeals the district court's dismissal of its tort claims against Joe Kraus; FLJ, LLC; and National Striping (collectively, Kraus) on grounds of forum non conveniens. We reverse and remand for additional findings.

¶2 On March 2, 2012, Diversified filed a complaint against Kraus in Utah's Third District Court, alleging fraud, tortious interference with existing or prospective economic advantage, and

defamation. On July 30, 2012, Kraus filed a motion to dismiss based on lack of personal jurisdiction. On October 25, 2012, National Striping filed a complaint against Diversified in Nevada, alleging conversion and seeking declaratory relief. National Striping's claims arose from the same events as Diversified's claims in the Utah case. Diversified moved to dismiss the Nevada case, and the Nevada court stayed the case "pending the outcome of the Utah case."

¶3     The Utah Third District Court held a hearing on Kraus's motion to dismiss on March 25, 2013. At the hearing, Kraus orally moved to dismiss the case on forum non conveniens grounds as an alternative to dismissing it on personal jurisdiction grounds. The court indicated that it would not entertain the motion at that time but that Kraus could brief it later.

¶4     Although neither party took any further action, on April 24, 2013, the district court issued a memorandum decision and order determining that Utah had jurisdiction to hear the case[1] but declining jurisdiction on forum non conveniens grounds. It also acknowledged the existence of a forum selection clause in a written agreement between the parties but determined that the clause did not apply to Diversified's tort claims. Diversified appeals that decision.

¶5     Diversified first argues that the district court erred in determining that the forum selection clause in the parties' agree-

---

1. In addition to the other arguments addressed in this decision, Diversified argues that the court erred by dismissing the case because Kraus submitted to personal jurisdiction in Utah. However, because the district court determined that Utah has personal jurisdiction over Kraus under Utah's long-arm statute, this argument is moot. *See generally Ellis v. Swensen*, 2000 UT 101, ¶ 25, 16 P.3d 1233 ("A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." (citation and internal quotation marks omitted)).

ment did not apply to Diversified's tort claims. "The trial court's interpretation of the forum selection clause is a question of law that we review for correctness." *Energy Claims Ltd. v. Catalyst Inv. Group Ltd.* (*Energy Claims I*), 2012 UT App 32, ¶ 22, 275 P.3d 257, *rev'd on other grounds*, 2014 UT 13, 325 P.3d 70.

¶6     Diversified asserts that, consistent with *Energy Claims Ltd. v. Catalyst Investment Group Ltd.* (*Energy Claims II*), 2014 UT 13, 325 P.3d 70, we should interpret the forum selection clause broadly. However, the forum selection clause in *Energy Claims II* governed "any dispute, controversy or claim that is related to the parties' contract." *Id.* ¶ 45 (internal quotation marks omitted). It was therefore much broader than the one in this case, which applied only to "action[s] or proceeding[s] seeking to interpret or enforce the provisions" of the parties' agreement. The tort claims brought by Diversified do not seek to interpret or enforce the provisions of the parties' agreement. Thus, the forum selection clause does not apply to Diversified's tort claims.

¶7     Diversified next asserts that the district court employed the wrong legal standard in dismissing its case on forum non conveniens grounds. "We review a dismissal on forum non conveniens grounds for an abuse of discretion." *Id.* ¶ 27. "While this standard is highly deferential, it requires us to reverse when a lower court fails to follow the governing legal standards." *Id.* (citation and internal quotation marks omitted).

¶8     Evaluating a motion to dismiss on the grounds of forum non conveniens involves several analytical steps. The first step requires the court to "determine whether the plaintiff's choice of forum is entitled to deference."[2] *Id.* ¶ 26. The second step requires the court

---

2. Generally, "a plaintiff's choice of forum is entitled to deference when the plaintiff has brought suit in its home jurisdiction." *Energy Claims II*, 2014 UT 13, ¶ 30, 325 P.3d 70. Nevertheless, the crux of

(continued...)

to "determine whether an adequate alternative forum exists." *Id.* (citation and internal quotation marks omitted). If there is an adequate alterative forum, then the court must analyze and weigh the factors set forth in *Summa Corp. v. Lancer Industries, Inc.*, 559 P.2d 544 (Utah 1977). *Energy Claims II*, 2014 UT 13, ¶ 35. These factors include (1) "'the location of the primary parties'"; (2) the place "'where the fact situation creating the controversy arose'"; (3) "'the ease of access to proof, including the availability and costs of obtaining witnesses'"; (4) "'the enforceability of any judgment that may be obtained'"; (5) "'the burdens that may be imposed upon the court in question in litigating matters which may not be of local concern'"[3]; (6) "the practical burden plaintiffs will face in filing a new action after dismissal for forum non conveniens"; and (7) any other "relevant considerations." *Id.* ¶¶ 36–37 (quoting *Summa*, 559 P.2d at 546).

¶9     Rather than undertaking this multi-step inquiry, the district court appears to have merged its forum non conveniens analysis with its personal jurisdiction analysis, considering the relevant forum non conveniens factors only generally. Although many of the court's findings were relevant to the forum non conveniens analysis—such as that the events precipitating the lawsuit occurred in Nevada and California, that the issues implicated Nevada law, and that Diversified would have no trouble pursuing its claims in Nevada because a suit had already been initiated there—the court's analysis of the forum non conveniens issue was incomplete. Most

---

2. (...continued)
the analysis is whether the plaintiff's forum choice "was motivated by legitimate reasons" as opposed to "tactical advantage." *Iragorri v. United Tech. Corp.*, 274 F.3d 65, 73 (2d Cir. 2001) (en banc), *cited with approval in Energy Claims II*, 2014 UT 13, ¶¶ 31–33.

3. Although the burden imposed on the court remains a relevant consideration, it "carries little weight" where it has been determined that the plaintiff's choice of forum was made "for legally legitimate reasons." *Energy Claims II*, 2014 UT 13, ¶ 40.

notably, the court did not determine the degree to which Diversified's choice of forum was entitled to deference. Instead, the court recognized "a presumption for the plaintiff," but suggested that such a presumption exists "primarily because dismissal forces the plaintiff to initiate the suit anew in another state" and concluded that because a suit had already been initiated in Nevada, that concern was alleviated.

¶10 Our supreme court recently addressed the issue of deference in *Energy Claims II*. The court explained that the degree of deference a plaintiff should be afforded in its choice of forum depends on whether the plaintiff is "motivated by legitimate reasons" in selecting the forum. *Id.* ¶¶ 32–33. Because the district court declined to grant deference to Diversified's choice of forum based on its determination that Diversified could pursue its claims in an alternative forum rather than on a determination that Diversified's motives were illegitimate, the court employed the wrong legal standard. We therefore find it necessary to reverse the district court's ruling and remand the case for the district court to consider the degree of deference that should be afforded to Diversified's choice of forum.

¶11 On remand, the district court should also fully analyze the other factors relevant to the forum non conveniens analysis. Because the district court ruled on the forum non conveniens issue without permitting the parties to fully brief and argue it, *see supra* ¶ __, the court does not appear to have had the opportunity to consider all facts relevant to the forum non conveniens issue, and its order, addressing only some, but not all, of the *Summa* factors, reflects that. Therefore, on remand, the parties should be given the opportunity to brief the issue and present the relevant facts at a hearing, and the district court should conduct the complete three-step analysis outlined above before ruling on Kraus's motion to dismiss the Utah case.

————