VAUGHN, Justice, concurring:
I agree that our cases have not directly addressed whether an alternative forum must be available before dismissing a case for forum non conveniens . My own view of why this is so is that under the overwhelming hardship test motions to dismiss for forum non conveniens have seldom been granted. In Kolber v. Holyoke Shares, Inc. , then Justice Herrmann wrote that dismissal would occur only in "the rare case" where the factors "balance overwhelmingly in favor of the defendant."[43] Ison v. E.I. DuPont de Nemours & Co. , in my opinion, sent a strong message to the trial judges that forum non conveniens motions were not favored and should generally be denied.[44] It was not until Martinez v. E.I. DuPont de Nemours and Co. that this Court clarified the overwhelming hardship test by stating that it was "not intended to be preclusive."[45] When a motion to dismiss for forum non conveniens is denied because of failure to show overwhelming hardship, there is little or no reason to determine whether an alternative forum is available. I do not think that cases where the motion was denied for failure to show overwhelming hardship provide any helpful *1256 guidance on the question of a need for an alternative, available forum.
I would join the great weight of authority that holds that in order to grant a motion to dismiss for forum non conveniens , a threshold step is to determine whether an adequate, alternative forum exists.[46] I do not think that the availability of an alternative forum should simply be a factor to be considered among other factors. In this case, however, I concur in the Court's judgment. I agree with the Majority's discussion of international comity and preemptive jurisdiction. Where factors such as preemptive jurisdiction may affect consideration of an alternative available *1257 forum, as may be the case here, a different rule may be appropriate. In addition, I am not sympathetic to a request that a defendant be required to waive objection to jurisdiction in another forum. As the Majority points out, the Superior Court noted within its analysis that it considered Argentina an available alternative forum. I am not inclined to disturb that finding in this case.

213 A.2d 444, 447 (Del. 1965).

729 A.2d 832 (Del. 1999).

86 A.3d 1102, 1105 (Del. 2014).

The "action will not be dismissed unless a suitable alternative forum is available to the plaintiff.... [T]he suit will be entertained, no matter how inappropriate the forum may be, if the defendant cannot be subjected to jurisdiction in other states. The same will be true if the plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state." Restatement (Second) of Conflict of Laws § 84 cmt. c (1971); "At the outset of any forum non conveniens inquiry, the court must determine whether there exists an alternative forum." Piper Aircraft Co. v. Reyno , 454 U.S. 235, 254 n.22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) ; "To prevail on a forum non conveniens argument, the defendant must demonstrate ... that there is an available and adequate alternative forum to hear the case." Callies v. United Heritage Prop. & Cas. Ins. Co. , 2014 WL 1048846, at *10 (Ariz. Ct. App. Mar. 18, 2014) ; "The lynchpin of any order granting a motion based on forum non conveniens is a determination that a suitable alternative forum exists." Investors Equity Life Holding Co. v. Schmidt , 233 Cal.App.4th 1363, 1368, 183 Cal.Rptr.3d 219 (2015) ; "First, the court should determine whether an adequate alternative forum exists that possesses jurisdiction over the whole case." Durkin v. Intevac, Inc. , 258 Conn. 454, 782 A.2d 103, 112 (2001) ; "An essential predicate to invocation of the [forum non conveniens] doctrine is the availability of an alternate forum." Mobley v. S. Ry. Co. , 418 A.2d 1044, 1047 (D.C. 1980) ; "As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case." Cortez v. Palace Resorts, Inc. , 123 So.3d 1085, 1091 (Fla. 2013) (citations and quotation marks omitted); "Before weighing the relevant factors, we must first decide how much deference to give to plaintiffs' choice of forum and second, we must decide whether the alternate forum is both available and adequate." Gramercy Emerging Mkts. Fund v. Allied Irish Banks, P.L.C. , 2014 WL 3735919, at *4 (Ill. App. Ct. July 28, 2014) (citations omitted); "[A] judge may decline to hear a case, if there is an alternative forum in which justice may be had." Gianocostas v. Interface Grp.-Mass., Inc. , 450 Mass. 715, 881 N.E.2d 134, 140 (2008) ; "[T]he forum non conveniens doctrine 'presupposes that there is at least one forum other than the forum chosen where the plaintiff may bring his cause of action[.]' " Nithyananda Meditation Acad. v. Rao , 2015 WL 1396465, at *3 (Mich. Ct. App. Mar. 26, 2015) (citation omitted); "The first step in a forum non conveniens analysis is for the district court to establish the existence of an available and adequate alternative forum." Paulownia Plantations de Pan. Corp. v. Rajamannan , 793 N.W.2d 128, 133 (Minn. 2009) (citations omitted); "At the outset, a court determines whether there is an adequate alternative forum to adjudicate the parties' dispute." Varo v. Owens-Ill., Inc. , 400 N.J.Super. 508, 948 A.2d 673, 680 (2008) ; "[A] district court must determine 'whether an adequate alternative forum exists.' " Provincial Gov't of Marinduque v. Placer Dome, Inc. , 350 P.3d 392, 396 (Nev. 2015) (citations omitted); "[E]stablishing the adequacy of the proposed alternative forum is a threshold requirement." Espinoza v. Evergreen Helicopters, Inc. , 359 Or. 63, 376 P.3d 960, 984 (2016) ; "[N]o action will be dismissed unless an alternative forum is available to the plaintiff." Beatrice Foods Co. v. Proctor & Schwartz, Inc. , 309 Pa.Super. 351, 455 A.2d 646, 650 (1982) ; "If there is an adequate alternative forum, then the court must analyze and weigh" additional factors. Diversified Striping Sys., Inc. v. Kraus , 341 P.3d 932, 934 (Utah Ct. App. 2014) ; "In deciding whether to dismiss for forum non conveniens, the trial court must first determine whether an adequate alternative forum exists." Acharya v. Microsoft Corp. , 189 Wash.App. 243, 354 P.3d 908, 915 (2015) (citation omitted).