**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: June 27, 2019
Date Decided: July 1, 2019

Blake A. Bennett, Esquire
Cooch and Taylor P.A.
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19899

Lori W. Will, Esquire
Jessica A. Hartwell, Esquire
Johanna Peuscher-Funk, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

Elena C. Norman, Esquire
Kevin Rickert, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

Re: *Irving Firemen's Relief and Retirement Fund v. Lawrence E. Page, et al.*, C.A. No. 2019-0355-SG

Dear Counsel:

This matter is before me on a Motion to Stay or Dismiss in favor of a consolidated California State action that raises substantially similar issues. Those issues involve derivative allegations of breach of fiduciary duty and failure of oversight on behalf of directors of Alphabet, Inc. ("Alphabet"), which is a Delaware

corporation.[1]  The Defendants' Motion[2] sought a stay or dismissal on ground of *forum non conveniens* and under the *McWane*[3] doctrine.

I heard Oral Argument on June 27, 2019.  In a partial Bench Decision, I denied the portion of the Motion to Stay or Dismiss that pertained to *forum non conveniens*.  Put simply, it is difficult to imagine a derivative litigation involving a Delaware corporation, and alleging breaches of fiduciary duty by corporate directors or officers of that Delaware corporation, that is nonetheless subject to dismissal on *forum non conveniens* grounds; if such an animal exists, it is absent from the menagerie before me here.  I turn then to the *McWane* analysis.[4]  As this Court has noted many times, the principles underlying *McWane*, which include accommodating a plaintiff's choice of forum as well as ideals of efficiency and

---

[1] The Plaintiff has brought additional counts, including against certain officers of Alphabet.

[2] The Motion was brought by Nominal Defendant Alphabet and the individual Defendants, except for Andrew E. Rubin and Amit Singhal.

[3] *McWane Cast Iron Pipe Corporation v. McDowell-Wellman Engineering Company*, 263 A.3d 281 (Del. 1970).

[4] The *McWane* analysis is applicable where there is "a second-filed Delaware case with another first-filed case pending elsewhere." *Aranda v. Philip Morris USA Inc.*, 183 A.3d 1245, 1250 (Del. 2018).  As explained in *McWane*:

> [A] Delaware action will not be stayed as a matter of right by reason of a prior action pending in another jurisdiction involving the same parties and the same issues; that such stay may be warranted, however, by facts and circumstances sufficient to move the discretion of the Court; that such discretion should be exercised freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues . . . .

*McWane*, 263 A.3d at 283.

comity,[5] while not absent in a class or derivative case, are of substantially reduced importance.[6] That is because the interest of the class or entity is at issue, not merely the interest of an individual plaintiff.

In addition, the incentives for derivative actions that would be created by a rule of primacy are perverse. A rule of primacy would promote the filing of quick-and-dirty class complaints and would discourage the type of thorough lawyering that our Supreme Court and this Court have urged. Our Courts have advised litigants to employ the tools at hand to create a complaint most likely to advance the interests of the class or entity.[7]

This case, however, involves something of a twist. The first filed *Delaware* action[8] on this matter was brought by four institutional investors (the "NYC Funds") of Alphabet. The NYC Funds did use a Section 220 demand to create a well-crafted complaint. Nonetheless, the plaintiffs there voluntarily dismissed their action and joined the consolidated action in California, which was first filed. Subsequently, the

---

[5] *McWane*, 263 A.3d at 283 ("[T]hese concepts are impelled by considerations of comity and the necessities of an orderly and efficient administration of justice.").

[6] *See, e.g.*, *Ryan v. Gifford*, 918 A.2d 341, 349 (Del. Ch. 2007) ("A shareholder plaintiff does not sue for his direct benefit. Instead, he alleges injury to and seeks redress on behalf of the corporation. Further, the board or any shareholder with standing may represent the injured party. Thus, this Court places less emphasis on the celerity of such plaintiffs and grants less deference to the speedy plaintiff's choice of forum.").

[7] *See, e.g.*, *id.* ("[T]his Court has recognized that the adequacy of the complaint is a more important factor than time of filing in a *McWane* analysis of shareholder derivative actions, so much so that this Court will, in certain instances, grant or deny a stay based on this factor alone.").

[8] That is, the first action filed in Delaware, but filed later than one or more California complaints.

Plaintiff here filed another well-crafted Delaware complaint, also using Section 220 documents. Under *McWane*, the prior action is favored where both actions involve similar parties and issues and the foreign court can provide prompt and complete justice.[9] Such is the case here with the consolidated action in California. The question is whether the *McWane* rationale is convincing in light of the derivative nature of this litigation. This Court has recognized that when considering how to proceed in such derivative actions, "the Court gives less weight to the first filed status of a lawsuit, and instead 'will examine more closely the relevant factors bearing on where the case should best proceed, using something akin to a *forum non conveniens* analysis.'"[10]

As the Defendants argue, a significant amount of litigation has occurred in California. However, that litigation effort does not concern the *substantive* issues in the case. Instead, it is meta-litigation concerning the consolidation of cases and the appointment of lead counsel. My understanding of the state of the litigation in California is that a consolidated complaint is yet to be crafted; obviously, until that is done, motion practice cannot proceed. This yet-to-be filed consolidated complaint will, presumably, incorporate the pleading improvements of the NYC Funds' complaint, including information gleaned under Section 220. In light of the state of

---

[9] *McWane*, 263 A.3d at 283.

[10] *In re Citigroup Inc. S'holder Deriv. Litig.*, 964 A.2d 106, 117 (Del. Ch. 2009) (quoting *Biondi v. Scrushy*, 802 A.2d 1148, 1159 (Del. Ch. 2003)).

4

the California litigation, and despite the first filing of an initial—presumably inferior—complaint in California State Court, principles of comity (that is, respect for the work done by the court in California) do not, in these circumstances, weigh heavily in the balance when considering a stay. Having set that issue aside, the fundamental question is which state's court has a higher interest in applying the common law of corporations and fiduciary duty to the rather novel issues raised in the Delaware and California actions.[11] The issues here will be decided entirely under Delaware law. While I have the utmost respect for the courts of California and the very well-regarded judge in Santa Clara County before whom the consolidated complaint will be filed, it is Delaware that has a strong interest here, not California.

After weighing the issues appropriate to *McWane* in this situation, I exercise my discretion to deny a stay or dismissal of this action in favor of the California action. The Defendants' Motion to Stay or Dismiss is DENIED. To the extent that the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[11] *See Gifford*, 918 A.2d at 349–50 ("[W]hile the application of Delaware law in most cases is not determinative, more weight must be accorded to this factor where the law is novel.").