# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT M. DUNCAN, | : | |
| | : | |
| Plaintiff, | : | K20M-11-022 JJC |
| | : | |
| v. | : | |
| | : | |
| SHAWN M. GARVIN, in his official | : | |
| capacity, and DELAWARE | : | |
| DEPARTMENT OF NATURAL | : | |
| RESOURCES AND | : | |
| ENVIRONMENTAL CONTROL, | : | |
| an agency of the executive branch of | : | |
| the State of Delaware, | : | |
| | : | |
| Defendants. | : | |

Submitted: August 23, 2024
Decided:    September 25, 2024

On this 25th day of September 2024, having heard and considered Plaintiff Robert Duncan's motion for reconsideration of the Court's July 31, 2024, Memorandum Opinion and Order (the "July decision"), it appears that:

1.     Mr. Duncan asks the Court to reconsider its decision to dismiss Mr. Duncan's claim against DNREC for tortious interference with contract ("tortious interference").[1]  As the Court explained in its July decision, Mr. Duncan's request to add a new tortious interference claim against Mr. Ratsep was futile because the statute

---

[1] *See Duncan v. Garvin, et al.,* 2024 WL 3596138, at *7 (Del. Super July 31, 2024) (finding futile Mr. Duncan's claim against DNREC for tortious interference with contract based upon his concession that the futility of his claim against Mr. Ratsep would make the claim against DNREC futile).  For the reasons explained in the July 2024 Opinion, Mr. Duncan's claims against DNREC employee Timothy Ratsep were futile because they did not relate back and were therefore barred by the applicable statute of limitations.  *Id.*

of limitations barred it.[2]  The Court also denied Mr. Duncan's tortious interference claim against DNREC.[3]  It based that decision on the following written concession by Mr. Duncan in the briefing:

> Plaintiff acknowledges that the *respondeat superior* claim against DNREC only survives if the tortious interference with contract claim against Ratsep survives.[4]

2.      In Mr. Duncan's motion for reargument, he requests that the court permit him to retain his tortious interference claim against DNREC.  He contends that a *respondeat superior* claim against an employer exists independently of whether an employee, alleged to be the servant, is a party to the suit.  Namely, Mr. Duncan requests that the Court reconsider its decision and "[a]llow him to pursue his *respondeat superior* claim against [DNREC] based upon Timothy Ratsep's tort of intentional interference with contract."  He does so notwithstanding his prior written concession.

3.      In support of his motion, Mr. Duncan cites additional authority that he did not provide in his three prior written submissions: the Delaware Supreme Court's decision in *Verrastro v. Bayhospitalists, LLC*.[5]  There, the Delaware Supreme Court recognized that, under the principles of *respondeat superior,* a claim against a principal remains notwithstanding the servant's absence as a party.[6]

4.  Mr. Duncan had a full opportunity to brief this issue and others prior to the July decision, however.  A motion for reargument is not the proper mechanism to raise issues or identify authority for the first time.[7]  On the contrary, the orderly

---

[2] *Id.*
[3] *Id.* at 14.
[4] D.I. 98 at 11.
[5] *Verrastro v. Bayhospitalists, LLC*, 208 A.3d 720 (Del. 2019).
[6] *Id.* at 725.
[7] *Aranda v. Philip Morris USA Inc.*, 183 A.3d 1245, 1255 (Del. 2018); *see also State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. Ct. 2016).

disposition of matters in litigation makes it essential for a court to rely on concessions by the parties. The Court relied on Mr. Duncan's concession in this instance, and the newly cited authority does not justify revisiting the issue.

5. Apart from Mr. Duncan's concession lies the issue of sovereign immunity. That doctrine separately bars Mr. Duncan's claim against DNREC for tortious interference. Notably, the Court declined to address DNREC's sovereign immunity defense in its July 2024 decision because Mr. Duncan's concession made it unnecessary. Nevertheless, Mr. Duncan identified no basis to avoid the doctrine in his briefing. Rather, he incorrectly contended that the State could waive sovereign immunity by simply meeting the requirements of the State Tort Claims Act found in 10 *Del. C.* § 4001. Meeting those elements alone does not equate to a waiver. There must also be a separate demonstration that the General Assembly intended to waive sovereign immunity.[8] Namely, the General Assembly must do so by statute or by the State's separate procurement of insurance coverage.[9]

6. DNREC included an affidavit from Ms. Debra Lawhead, the Administrator for the State Insurance Coverage Program, when opposing Mr. Duncan's motion to amend.[10] She attested in the affidavit that the State of Delaware has no insurance coverage for this matter.[11] The court recognizes that Superior Court Rule 12(b)(6) standards apply when considering the futility of a proposed

---

[8] *See Smith v. Bunkley,* 171 A.3d 1118, 1125 (Del. Super. 2016), *aff'd*, 171 A.3d 1117 (Del. 2017) (citing *Pauley v. Reinoehl*, 848 A.2d 569, 573 (Del. 2004) (recognizing that a plaintiff must demonstrate that the State has *separately* waived the defense of sovereign immunity in addition to proving that the State Tort Claims Act does not bar the claim)).

[9] *J.L. v. Barnes*, 33 A.3d 902, 913 (Del. Super. Ct. 2011) (citing *Doe v. Cates*, 499 A.2d 1175, 1177 (Del. 1985)).

[10] D.I. 96 Ex. A; *see also* 18 *Del. C.* § 6511 (recognizing that "[t]he defense of sovereignty is waived and cannot and will not be asserted as to any risk or loss covered by the state insurance coverage program.").

[11] D.I. 96 Ex. A.

amendment.[12]  For that reason, the denial of a motion to amend based on futility does not typically turn on extrinsic evidence.  Mr. Duncan, however, does not identify any separate mechanism demonstrating the State's intent to waive the defense of sovereign immunity—other than his reliance on the State Tort Claims Act which alone cannot demonstrate a waiver.  Accordingly, his proposed amendment to add a tortious interference claim against DNREC is futile for this additional reason.

**WHEREFORE**, for the aforementioned reasons, Mr. Duncan's motion for reargument is **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Resident Judge

---

[12] *Clark v. State Farm Mutual Auto. Ins. Co.*, 131 A.3d 806, 811–12 (Del. 2016).