# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SARAH ANN BERTOLA and<br>DALLAS BERTOLA,<br>Co-Personal Representatives of the<br>Estate of A.M.B., deceased<br>and in their own right,<br><br>        Plaintiffs,<br><br>    v.<br><br>FISHER-PRICE, INC. and<br>MATTEL, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: N21C-01-115 FJJ |

Submitted: May 5, 2025
Decided: May 8, 2025

## OPINION AND ORDER

*On Plaintiffs' Motion for Reargument or Clarification for the Court's Opinion on Defendants' Motion for Summary Judgment*

*Robert J. Leoni, Esquire,* Shelsby & Leoni, Newark, Delaware and *Alan M. Feldman, Daniel J. Mann,* and *Edward S. Goldis, Esquires*, (Pro Hac Vice) Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP, Philadelphia, Pennsylvania, *Attorneys for Plaintiffs*.

*Jennifer C. Wasson, Esquire, and Ryan D. Kingshill, Esquire*, Potter Anderson & Corroon, LLP, Wilmington, Delaware, *Steven B. Weisburg, Esquire and Jan E. Dodd* (Pro Hac Vice) Shook, Hardy & Bacon, LLP, Los Angeles, CA, *Attorneys for Defendants*.

**Jones, J.**

The Court issued its initial Opinion and Order on Defendants' Motion for Summary Judgment on April 21, 2025.[1]  Plaintiffs filed the instant Motion for Reargument or Clarification on April 28, 2025.[2]  First, Plaintiffs ask the Court to consider reargument of Plaintiffs' Negligent Infliction of Emotional Distress ("NIED") claim, specifically that Utah's Special Duty Rule applies to this case. Second, Plaintiffs seek clarification that the Court's Order on Summary Judgement did not preclude Plaintiffs' claims for noneconomic wrongful death damages.

## MOTION FOR REARGUMENT STANDARD OF REVIEW

Delaware Superior Court Civil Rule 59(e) allows a party to file a motion for reargument with the court and grants the court the power to "determine from the motion and answer whether reargument will be granted."[3]  The appropriate circumstance to grant a motion for reargument is when "the Court overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[4]  A motion for reargument is not the appropriate tool to raise a new argument.[5]  Nor is it the time to rehash arguments previously made and decided by the Court.[6]

---

[1] Docket Item ("D.I.") 241.
[2] D.I. 245.
[3] Del. Super. Ct. Civ. R. 59(e).
[4] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[5] *Aranda v. Phillip Morris USA Inc.*, 183 A.3d 1245, 1255 (Del. 2018).
[6] *Kennedy*, 2006 WL 488590 at *1.

## APPLICABILITY OF UTAH'S LIMITED EMOTIONAL DISTRESS DUTY

Plaintiffs argue Utah's special duty to refrain from inflicting severe emotional distress outside of zone-of-danger cases is applicable in the instant case. In its order, the Court disagreed with this argument because Plaintiffs' analysis failed the first prong of the second part of the analysis. The second part of the analysis asks whether "the relationship, activity, or undertaking [is] of the type that warrants a special, limited duty to refrain from causing severe emotional distress?"[7] The first prong considers whether the relationship "necessarily implicate[s] the plaintiffs' emotional well-being."[8] The Court held Defendants did not owe the "emotional distress" duty to Plaintiffs because their relationship was not the kind "fraught with the risk of emotional harm," as required by this limited duty, and the relationship did not necessarily implicate Plaintiffs' well-being.[9]

Plaintiffs contend this holding is incorrect. Plaintiffs argue their "emotional well-being is 'at the core' of their claim because their claim involves the relationship between parent and child."[10] Plaintiffs go on to cite Utah case law emphasizing the importance of the parent-child relationship. This argument is misguided. The central concern of the analysis before the Court is whether the Plaintiffs' emotional well-being is at the core of or is necessarily implicated by their relationship with

---

[7] *Mower v. Baird*, 422 P.3d 837, 856 (Utah 2018).
[8] *Id.* at 856-57.
[9] *See* D.I. 241 p.11.
[10] D.I. 245 p.3.

Fisher-Price and Mattel. Thus, the duty analysis in this case focuses on the relationship between Fisher-Price and Mattel as manufacturers and A.M.B.'s parents – not the relationship between parent and child.

Noted in *Mower*, the first prong is only met when "the emotional well-being of others is at the core of, or is necessarily implicated, by the [relationship]." The Utah Supreme Court goes on to clarify "the analysis will have to be done on a case-by-case basis, with the recognition that very few relationships, activities, or undertakings can meet this high threshold."[11] *Mower* considered whether "a treating therapist's counseling of a minor child for potential sexual abuse constitutes a relationship, activity, or undertaking that necessarily implicates the nonpatient parent's emotional well-being."[12] In holding that it does, the Court reasoned that "allegations of sexual abuse by a parent 'strike[] at the core of a parent's basic emotional security."[13] The Court restricted the duty to match the limited activity and relationship holding the appropriate duty was "to refrain[] from causing false memories or fabricated allegations of sexual abuse committed by the plaintiff nonpatient parent."[14] It is important to note that the Court's analysis focuses on the relationship between the treating therapist and the parent-plaintiff whom the false sexual abuse allegations were made against. The allegations of the instant case do

---

[11] *Mower*, 422 P.3d at 857.
[12] *Id.* at 859.
[13] *Id.* at 860.
[14] *Id.*

not amount to the type of severe emotional distress found in *Mower* nor that the Utah Supreme Court meant for the limited special duty to apply to.

Plaintiffs cite to *K.N. v. Life Time Fitness, Inc.*[15] and *A.W. v. Marelli*[16] to support their argument. The Court in *Life Time Fitness* applied *Mower* to hold that "child care is an activity or undertaking" in which emotional well-being is at the core and necessarily implicates the emotional well-being of a parent.[17] The Utah District Court denied Life Time's argument that it should be categorized as a fitness center and found that the child care offered to gym goers at an additional fee required it to be classified as a child care operation.[18] *Life Time* is distinguishable from the instant case because in no way can Defendants be categorized as "child care." Using the Courts logic in *Life Time*, Defendants should be categorized as a manufacturer of infant sleep products. A parent's emotional well-being is not necessarily implicated by the relationship with nor an activity or undertaking by a manufacturer of infant sleep products.

The *Marelli* court acknowledged that the Restatement (Third) of Torts found "a hospital losing a newborn infant" to support a cognizable NIED claim.[19] Again, this claim concerns care of a child, distinguishable from the claim in this case. As

---

[15] 2018 WL 6505396 (D. Utah Dec. 11, 2018).
[16] 543 P.3d 786 (Utah 2024).
[17] 2018 WL 6505396 at *6.
[18] *Id.* at *4.
[19] 543 P.3d at 793.

noted in the Court's Opinion, the *Marelli* Court denied extending *Mower* to an estranged parent's continuous attempts at communication with her daughter because it was not "fraught with the risk of emotional harm."[20]

The Court acknowledges the tremendous importance of the parent-child relationship and understands the weight the Plaintiffs in this case feel from Defendants' alleged negligence. However, the Court stands with its decision and finds that Plaintiffs' emotional well-being is not at the core of their claim nor does their relationship with Fisher-Price and Mattel necessarily implicate their emotional well-being. If the Court were to find the opposite, it would open the door for this limited duty to apply to any alleged negligent manufacture causing a child's death, which is beyond the limited scope *Mower* intended for this duty to apply.

## WRONGFUL DEATH NONECONOMIC DAMAGES

According to the Utah Supreme Court, the applicable damages on a wrongful death action include: "non-economic losses such as 'loss of society, love, companionship, protection and affection,"[21] as well as "financial support furnished; loss of affection, counsel and advice; the loss of deceased's care and solicitude for the welfare of the family; and loss of the comfort and pleasure the family of the

---

[20] *Id.*

[21] *Meeks v. Peng*, 545 P.3d 226 (Utah 2024); *Feldman v. Salt Lake City Corp.*, 484 P.3d 1134, 1139 (Utah 2021); *see also Utah Model Jury Instructions CV 2014.*

deceased would have received."[22] To be clear, Plaintiffs may seek these non-economic damages.

## CONCLUSION

Based on the above reasons, Plaintiffs' Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

/s/ Francis J. Jones, Jr.

Francis J. Jones, Jr., Judge

cc:    *File&ServeXpress*
        Robert J. Leoni, Esq.
        Alan M. Feldman, Esq.
        Daniel J. Mann, Esq.
        Edward S. Goldis, Esq.
        Jennifer C. Wasson, Esq.
        Ryan D. Kingshill, Esq.
        Amy Furness, Esq.
        Robert Shannon, Esq.

---

[22] *Oxedine v. Overturf*, 973 P.2d 417, 422 (Utah 1999).